(54 Misc. Rep. 38.)

## In re NEJEZ.

(City Court of New York, Special Term.  January, 1907.)

1. EXECUTION — SUPPLEMENTARY PROCEEDINGS — CONTEMPT — DISCRETION-
ARY POWER OF COURT.

    The discretionary power of the court, in proceedings to punish a judg-
    ment debtor for contempt for violating an order for his examination in
    supplementary proceedings, to direct the appearance of the debtor, is
    not limited by the election of the creditor to proceed either by an order
    to show cause or by a warrant of attachment, as authorized by Code
    Civ. Proc. § 2269.

2. SAME.

    Under Code Civ. Proc. §§ 2280, 2281, 2283, providing that, when one
    charged with contempt of court is produced by virtue of a warrant, the
    court must determine whether he has committed the offense charged,
    and on the return of an order to show cause it must be determined wheth-
    er accused has committed the offense, the court is to issue a final order
    only after determining that the offense has been committed, and the court
    is not required, on a default, of one cited to show cause why he should
    not be punished for violating an order for his examination in supple-
    mentary proceedings, and without hearing him, determine that he is
    guilty of contempt.

In the matter of the application of Anna Nejez for an order to show
cause why Frank Luckshanderl should not be punished for contempt
in violating an order for his examination as judgment debtor in pro-
ceedings supplementary to execution.  Application for an order of
commitment denied.

Nathan S. Levy, for judgment creditor.

WADHAMS, J.  The judgment creditor insists that he is entitled
to an order that the judgment debtor be committed to the county
jail and there imprisoned until he performs certain acts specified in
the order, and until a fine of $250 and $38.81 costs in addition be paid.
An order to examine the judgment debtor in proceedings supple-
mentary to execution was issued, and upon the return day a default
was noted.  Subsequently an order to show cause why the judgment
debtor should not be punished for contempt was obtained, and upon
the return day, the judgment debtor having failed to appear, the
court determined that "attachment may issue, returnable forthwith
and bailable in $200."

It has been the humane practice of justices of this court, in cases
of default upon motions to punish for contempt, not to issue an order
for the commitment and detention of a judgment debtor, but to permit
a bailable attachment returnable forthwith.  The purpose and ad-
vantage of this practice are clear.  The sheriff brings the debtor into
court to answer before final determination of the motion to punish
for contempt.  It often appears upon his examination that the debtor
never received the process which it is alleged he has disobeyed, or that
the copy served was defaced or illegible.  Many times the debtors
are of foreign birth and unable to understand the process.  Often sat-
isfactory explanation of the failure to attend is given.  An examina-
tion may then be directed, and an opportunity given the debtor to

purge himself of the contempt or a proper and just penalty imposed. The practice of directing that the debtor be brought into court before he is committed is a check upon the zeal sometimes too readily shown by attorneys to use an alleged contempt of court as a basis for the collection of debt by imprisonment. For many years an enlightened public policy has looked with disfavor upon such process, and the practice of permitting attachment instead of a commitment to prison is in accord with such policy. The authorities submitted do not limit the power of the court to direct this method of procedure.

Under section 2269 of the Code of Civil Procedure there are two ways to proceed to enforce penalties for contempt—either by an order to show cause or by a warrant of attachment. Parties must elect their course of procedure and be governed by such election in all subsequent stages of the proceeding (People ex rel. Post. v. Grant, 20 N. Y. St. Rep. 48, 3 N. Y. Supp. 142) ; but the discretionary power of the court to direct the appearance of the debtor is not limited by such election. When the warrant of attachment is returned, the court must determine upon the original affidavits, the answers, and subsequent proofs whether the accused has committed the offense charged. Section 2280, Code Civ. Proc. Upon the return of an order to show cause it is provided by sections 2281 and 2283 that the questions which arise must be determined, and if it is determined that the accused has committed the offense charged, and that it defeated, impaired, impeded, or prejudiced the rights or remedies of a party, the court must make a final order directing that he be punished by fine or imprisonment, or both, as the nature of the case requires, and that a warrant or order of commitment must issue accordingly. It will be noticed that the court is to issue the final order only after determination that the offense has been committed. There is nothing in the Code provisions nor in the authorities which requires the court, upon a default and without hearing the accused, to determine that he has committed contempt of court. The very purpose of directing that the creditor proceed by attachment, which brings the debtor before the court, is to enable the court to make a proper and just determination.

The attachment may therefore issue. The application for an order of commitment at this time is denied.