## SONN et al. v. KENNY.

### (Supreme Court, Appellate Term. May 7, 1909.)

EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—ORDER TO SHOW CAUSE—COMMITMENT—"WARRANT OF ATTACHMENT."

Code Civ. Proc. § 2269, provides that the court authorized to punish for contempt may (1) order accused to show cause, or (2) issue an attachment. Section 2273 declares that an order to show cause may be made either before or after a final judgment or the final order in special proceeding, that it is equivalent to a notice of motion, and subsequent proceedings thereon are as on a motion made therein. It also defines a "warrant of attachment" as a mandate whereby a special proceeding is instituted in behalf of the people on relation of the complainant. *Held* that, where a debtor failed to appear in supplementary proceedings, the creditor was either entitled to an attachment or an order to show cause why he should not be punished for contempt, and that the court in either event could afford the debtor an opportunity to purge himself of contempt, and was not compelled to issue a commitment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*

For other definitions, see Words and Phrases, vol. 8, pp. 7396, 7833.]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Samuel Sonn and another, as executors of the will of Abraham H. Sonn, against James Kenny. From an order refusing to commit defendant for a failure to appear and answer in order to show cause, the judgment creditors appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Jacob Marx, for appellants.
Harry Eckhard, for respondent.

DAYTON, J. This is not a new question in the City Court. It has been specifically raised and decided on identical facts by that court. In re Nejez, 54 Misc. Rep. 38, 104 N. Y. Supp. 505. The fact that the judgment creditor asked for an order to show cause under section 2269, Code Civ. Proc., does not compel the court upon the return thereof, if there should be a default in appearance, to issue a commitment. The two subdivisions, 1 and 2, of section 2269, merely provide two different methods of summoning the delinquent before

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the court to answer for the alleged offense; and that is apparent from a reading of the whole of section 2269. By subdivision 1 the debtor is ordered to show cause why he should not be punished. By subdivision 2 he is brought before the court by the sheriff upon a warrant of attachment to answer for the alleged offense. In either event the case against him is not finally determined; and the section does not compel the court to commit him summarily upon failure to appear on the return of the order to show cause.

The judgment creditor might have asked for a warrant of attachment in the first place. He chose to take the other means. But, as is shown by section 2273, neither is final. The order to show cause is equivalent to a notice of motion; and the subsequent proceedings are taken as if taken in the action or special proceeding as upon a motion therein made. The warrant of attachment institutes an original special proceeding against the accused, in behalf of the people, upon the relation of the complainant. The first orders the appearance of the delinquent. The second cannot proceed until the delinquent is before the court. And that is the only difference. But if, in the second proceeding, the court still must be convinced that the offense is such that a commitment must issue—that is, if when the delinquent is actually produced he still has a chance to explain and purge himself before being sent to jail—it certainly cannot be successfully contended that upon a default on the order to show cause the court is compelled to issue a commitment.

The order should be affirmed, with costs, for these reasons, and for those given in the case of In re Nejez, supra.

Order affirmed with $10 costs and disbursements. All concur.