Matter of Supplementary Proceedings: Samuel Sonn and Moody Sonn, as Executors of the Last Will and Testament of Abraham H. Sonn, Deceased, Judgment Creditor, Appellants, *v.* James Kenny, Judgment Debtor, Respondent.

(Supreme Court, Appellate Term, May, 1909.)

Contempt — Procedure: · Hearing — Right to hearing — In case of default on order to show cause: Commitment or order for punishment — When to be issued.

Subdivisions 1 and 2 of section 2269 of the Code of Civil Procedure merely provide two different methods of summoning one charged with contempt of court before the court to answer for

the alleged offense; and, where an order to show cause is issued in conformity with the provisions of said subdivision 1, the court is not compelled, upon the return thereof, to issue a commitment, if the person charged with the offense fails to appear.

APPEAL by the judgment creditors from an order of the City Court of the city of New York.

Jacob Marx, for appellants.

Henry Eckhard, for respondent.

DAYTON, J. This is not a new question in the City Court. It has been specifically raised and decided on identical facts by that court. Matter of Nejez, 54 Misc. Rep. 38. The fact that the judgment creditor asked for an order to show cause, under section 2269, does not compel the court upon the return thereof, if there should be a default in appearance, to issue a commitment. The two sections, 1 and 2 of section 2269, merely provide two different methods of summoning the delinquent before the court to answer for the alleged offense. And that is apparent from a reading of the whole of section 2269. By subdivision 1 the debtor is ordered to show cause why he should not be punished; by subdivision 2 he is brought before the court by the sheriff upon a warrant of attachment to answer for the alleged offense. In either event the case against him is not finally determined, and the section does not compel the court to commit him summarily upon failure to appear on the return of the order to show cause. The judgment creditor might have asked for a warrant of attachment in the first place. He chose to take the other means. But, as is shown by section 2273, neither is final. The order to show cause is equivalent to a notice of motion; and the subsequent proceedings are taken as if taken *in the action* or special proceeding as upon a motion therein made; the warrant of attachment *institutes* an *original* special proceeding against the accused *in behalf of the people* upon the relation of the complainant. The first *orders* the appearance of the delinquent; the second cannot proceed until the delinquent

is before the court. And that is the only difference. But if in the second proceeding the court still must be convinced that the offense is such that a commitment must issue, that is, if, when the delinquent is actually produced, he still has a chance to explain and purge himself before being sent to jail, it certainly cannot be successfully contended that, upon a default on the order to show cause, the court is *compelled* to issue a commitment.

The order should be affirmed, with costs, for these reasons, and for those given in the case of Matter of Nejez, *supra.*

GILDERSLEEVE and GOFF, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.